Filed 7/25/25  Marriage of Reeves CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ALISHA and WADE REEVES. | |
| ALISHA M. REEVES,<br><br>    Respondent,<br><br>    v.<br><br>WADE R. REEVES,<br><br>    Appellant;<br><br>STANISLAUS COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Real Party in Interest and Respondent. | F087058<br><br>(Super. Ct. No. 8005328)<br><br>**ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |

It is hereby ordered that the opinion filed herein on June 26, 2025, be modified as follows:

1.    On page 2, in the second full paragraph, the third sentence beginning "The record, which lacks …" is deleted.

2.    On page 2, second full paragraph, delete "Furthermore," from the beginning of the fourth sentence and capitalize "a".

3.      On page 3, the first paragraph under the heading "**FACTS AND PROCEEDINGS,**" delete the last two sentences of that paragraph beginning "He and his new wife …" and "The business is …."

4.      Beginning on page 4, all paragraphs under the heading "*June 2021 Request to Modify Child Support Order*" are deleted and replaced with the following paragraphs so the section now reads:

*June 2021 Request to Modify Child Support Order*

In June 2021, Wife filed a request for order modifying Husband's child support obligation and awarding her attorney's fees.  Her supporting declaration asserted Husband moved to Oklahoma in 2016, did not visit the children, and had increased his income.  Wife's request asserted that, in 2017, Husband and his current wife started a business through an entity named WSR Ventures, LLC that uses the trademark "The Okie Brand" and further asserted this information was not disclosed before the MSA was signed.  Wife also asserted Husband had purchased multiple parcels of investment real estate.  She estimated "he is making $20,000 to $30,000 or more per month."  Wife's income and expense declaration (which is the source of some confusion and may have related to her recent dissolution proceeding involving Adolfo Gregorio), stated her monthly income was $900, and she primarily remained home with the children due to the cost of daycare.

Wife also asserted Husband (1) had refused to communicate with her about his obligation to pay expenses related to the children, including costs for medical, dental and orthodontic care, (2) had informed her that he had no intention of paying those expenses, and (3) had paid none of those expenses since the dissolution was final.  Wife requested an order directing Husband to provide current contact information to her, the court, and the Stanislaus County Department of Child Support Services (Department) and stated she would then "submit the previously unpaid child related [expenses] to him so he can pay his one-half (1/2) share."

The day after Wife filed her request, the Department served the court and the parties with a notice regarding payment of support and substitution

2.

of payee (form FL-632).[1]  The notice stated that the Department was providing services for current support, support arrears, and medical support and that it was the "substituted payee."  The Department's assertion that it was providing services and Wife's allegation that Husband had not been paying his half share of child-related expenses made the Department's appearance in the matter "appropriate action" for purposes of section 17400, subdivision (a)(1).  In other words, pursuant to its statutory authority, the Department had standing to appear in the court proceeding.

On August 12, 2021, an attorney representing the Department and Husband (without his attorney) appeared before Commissioner Kenneth J. Hara.  The order after hearing (form FL-687) stated the parties agreed to continue the hearing on Wife's modification request to October 19, 2021.[2]  The appellate record does not include a reporter's transcript of the August 2021 hearing.  The October 19, 2021 order after hearing (form FL-687) stated an attorney representing the Department and Husband's attorney appeared in the uncontested matter.  The order also stated:  "By prior agreement of the parties[,] matter is set for Long Cause on January 24, 2022 until January 27, 2022 at 1:30 p.m. each day in Dept. 9."

In December 2021, Husband filed an ex parte application to disqualify Wife's attorney, Curtis Colaw, based on a conflict of interest arising out of Husband's earlier communications with Colaw.  On December 16, 2021, with counsel for all parties appearing, Commissioner

---

[1]  Title IV-D of the Social Security Act requires states to provide enumerated child support services to receive federal funding for their public assistance and child support programs.  (42 U.S.C. §§ 601, 602, 654.)  The California Department of Child Support Services is the single organizational unit designated to administer all services and perform all functions necessary to establish, collect, and distribute child support.  (Fam. Code, §§ 17200, 17202.)  However, the duty to establish paternity and establish, modify, and enforce support orders at public expense is assigned to a local child support agency in each county.  (Fam. Code, §§ 17304, 17400, subd. (a), 17404, subd. (a).)  As such, local child support agencies (like the Department here) are mandated to take "appropriate action" to establish parentage and establish, modify, and enforce child support if the child is receiving public assistance, or upon request for all other children.  (Fam. Code, § 17400, subd. (a).)

Subsequent undesignated statutory references are to the Family Code.

[2]  Husband contends Commissioner Hara's "failure to obtain a stipulation from the outset voids not only the August 12, 2021 'onset order,' but all subsequent orders issued in [this case]" and the lack of a stipulation renders these orders constitutionally void and uncorrectable.

Hara denied Husband's request to disqualify Colaw from representing Wife. Later that month, Husband filed a motion for reconsideration before a superior court judge. It is unclear whether the court ruled on this motion or if the issue was resolved as part of the May 2022 stipulation discussed below.

In January 2022, Husband's attorney filed a trial brief arguing his income was far lower, and Wife's income higher, than she had asserted. The brief stated he "does not deny the beginning stages of the creation of the MidWest OKIEs but does deny he is an 'owner' of the OKIE Brand. The OKIE Brand is owned by his wife, Stephanie Reeves." The trial brief also referred to his "new wife's separate party businesses," stating she was the sole owner of WSR Ventures, LLC and WSR Housing, LLC. The brief also addressed Wife's income, asserting she a "community property business with her new husband Aldolfo Gregorio," the business was "known as Saunders Meats," and half of the business's income should be attributed to Wife.

At the February 2022 hearing, the parties appeared before Commissioner Hara primarily to set trial dates.[3] The order after hearing (form FL-687) stated: "The parties are given the Family Code 4251 Advisement and no objections are made. No parties and no counsel have any objections to the Commissioner hearing this matter, and the trial as a whole, as a judge. Trial decision will be a final order." Commissioner Hara set the matter for a long cause trial over six days in May 2022. The parties agreed to personally appear in court for the trial dates. Husband and his counsel admitted "that the rental properties and the rental income" from his jointly owned out-of-state properties could be considered in calculating child support as his income.

5. In the carryover paragraph on page 10, which is part of the first paragraph under the heading "*September 2023 Motion*" the following sentences are added to the end of the paragraph:

---

[3] The Department introduced records of these proceedings through a motion to augment the record. Husband opposed the Department's motion to augment. Because these documents were filed or lodged with the family court in the case, we exercise our discretion to grant the Department's motion to augment the record. (Cal. Rules of Court, rule 8.155(a)(1)(A) [the reviewing court may order the record augmented to include "[a]ny document filed or lodged in the case in superior court"].) The family court is a division of the Stanislaus County Superior Court.

Subsequent references to a numbered "Rule" are to the California Rules of Court.

Husband also asserted he had "remarried and started his own family while [Wife] remarried and is currently engaged in divorce proceedings." He cited *Davis v. Davis* (1968) 68 Cal.2d 290 for the principles " 'that remarriage of the parents terminates a divorce court's jurisdiction over the parties and their minor children.' " (*Id*. at p. 293.) That principle does not apply here because it is limited to divorce parents who remarry *each other*, not third parties. (*Id*. at p. 290.)

6.     On page 15, in the fourth paragraph beginning "First, the appellate …" the following footnote 8 is added immediately following the citation "(See Rule 8.120(b).)", which will require renumbering of all subsequent footnotes:

**8** This court issued several orders, including orders filed February 16, 2024, and March 11, 2024, explaining why a reporter's transcript could not be generated using the electronic recording of the hearing. (See Gov. Code, § 69957, subd. (b); Rule 2.952.) The March 11, 2024 order advised Husband he "may seek to prepare a settled statement regarding the hearing pursuant to California Rules of Court, rule 8.137," which he did not do.

7.     On page 23, the paragraph under the part III.B. heading "<u>Accommodation Requests</u>" is deleted in its entirety and the following paragraph is inserted in its place:

The papers Husband filed with this court contended the family court erred when it denied him ADA accommodations. Husband's rehearing petition asserts the original opinion misstated the facts by claiming he dropped his arguments about ADA accommodations. Consequently, here we address the merits of his arguments. The petition for rehearing, like his appellate briefing, made no attempt at demonstrating he complied with the content and timing requirements for accommodation requests set forth in Rule 1.100(c). (Cf. *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1273–1274 ["Christine followed the procedures for seeking an ADA accommodation"].) Therefore, unlike Christine, Husband has not shown he complied with those requirements. As a result, he has not established the family court erred by not granting him an accommodation. (See Rule 1.100(f)(1) [a request for accommodation may be denied when an "applicant has failed to satisfy the requirements of this rule"].) An alternate ground for this court's rejection of the ADA arguments is that Husband has not shown he complied with the procedures for review of the denial of an accommodation request by a judicial officer. (See Rule 1.100(g)(2) [petition for writ of mandate].)

5.

8. On page 24, the first paragraph of the previously numbered footnote 9, which begins "Similarly," the following sentence is added to the end of said paragraph:

Also, a settlement agreement cannot restrict the Department's statutory authority regarding the enforcement and distribution of child support.

9. On page 25, the last paragraph beginning "Husband's September 2023 …" is deleted in its entirety and the following three paragraphs are added in its place:

Husband's September 2023 motion to strike the notice of delinquency also attacked the sufficiency of the evidence supporting the May 2022 Stipulated Order and may have raised issues not mentioned in his earlier requests. Because an order modifying child support is appealable as an order after final judgment (*In re Marriage of Leonard*, *supra*, 119 Cal.App.4th at p. 554; *County of Los Angeles v. Patrick*, *supra*, 11 Cal.App.4th at p. 1250), and Husband failed to directly appeal the May 2022 Stipulated Order or appeal the December 2022 denial of his request for relief from that order pursuant to Code of Civil Procedure section 473, subdivision (b), he cannot raise those challenges now. As explained in part II of this opinion, those issues are beyond the scope of this appeal. Several of the points raised in his petition for rehearing fail for this reason.

Furthermore, Husband's petition for rehearing argues he "raised new, distinct grounds for voidness" and a void order or judgment is subject to attack at any time. We recognize that when a court lacks jurisdiction in a fundamental sense, an ensuing judgment or order is void, and thus vulnerable to direct or collateral attack at any time. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) We also recognize the general principle that acts "in excess of jurisdiction" are merely voidable (i.e., not void), should be challenged directly, and are not subject to collateral attack once the judgment or order is final. (*Id*. at p. 661.) Here, the additional grounds asserted in the rehearing petition do not show the family court lacked jurisdiction *in a fundamental sense* that would render the May 2022 Stipulated Order void rather than voidable if it had been challenged in a timely appeal. For instance, Husband has not shown the purported failures to comply with sections 4055, 4065, and 4057 deprived the family court of jurisdiction in a fundamental sense. As a result, those additional grounds are outside the scope of this appeal and need not be addressed point by point. (See pt. II., *ante*.)

Finally, this opinion's use of the terms Husband and Wife to identify the parties is a common way to identify the parties in a family law matter even when the marriage has been dissolved. (E.g., *In re Marriage of*

6.

*Goldman* (2025) 107 Cal.App.5th 1258, 1260; *In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 301.)  Use of these designations is no more an error than referring to them as "Wade" and "Alisha" or "Respondent" and "Petitioner."  Regardless of the label, the individual referred to is the same.

This modification does not effect a change in the judgment.

Appellant's petition for rehearing filed on July 8, 2025, is hereby DENIED.

On July 7, 2025, this court filed appellant Wade R. Reeves' "MOTION TO AUGMENT RECORD" with four documents that had been filed by the family court in this action and were not included in the clerk's transcript.

The motion to augment the record is hereby GRANTED.  (Cal. Rules of Court, rule 8.155(a)(1).)  The four documents attached to the motion shall be deemed part of the record on appeal.

On July 16, 2025, this court filed "APPELLANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE" of six documents that were not "presented to the [family] court" in this action.  (Cal. Rules of Court, rule 8.252(a)(2)(B).)  The request for judicial notice is DENIED.

FRANSON, J.

I CONCUR:

DE SANTOS, J.

7.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ALISHA and WADE REEVES. | |
| ALISHA M. REEVES,<br><br>    Respondent,<br><br>    v.<br><br>WADE R. REEVES,<br><br>    Appellant;<br><br>STANISLAUS COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Real Party in Interest and Respondent. | F087058<br><br>(Super. Ct. No. 8005328)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Stanislaus County.  Alan K. Cassidy, Judge.

Wade R. Reeves, in pro. per., for Appellant.

Law Office of Curtis D. Colaw and Curtis D. Colaw for Respondent.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Ricardo Enriquez, Deputy Attorneys General, for Real Party in Interest and Respondent.

Wade Reeves (Husband) appeals an October 2023 order denying his motion to modify a stipulated child support order entered in May 2022. Husband raises several challenges to the order, including the family court's lack of jurisdiction, violations of due process, his lack of consent to the commissioner hearing various matters in 2022, and the stipulated order's improper alteration of a 2018 marital settlement agreement (MSA).

We conclude the family court had personal jurisdiction over Husband based on his appearances in the proceedings. We further conclude the family court did not lose jurisdiction because of a failure to obtain Husband's consent to a commissioner acting as a temporary judge at the August 12, 2021 hearing. The record, which lacks a reporter's transcript of that hearing, does not affirmatively show there was no oral stipulation to the commissioner. Furthermore, a commissioner's lack of jurisdiction based on the absence of consent does not mean the family court forever lost jurisdiction of the proceeding. Thus, the superior court judge's (1) December 2022 denial of Husband's motion to vacate the May 2022 stipulated child support order and (2) the October 2023 order were both entered while the family court had jurisdiction over the case.

In addition, we conclude the family court acted within its jurisdiction (i.e., authority) when it entered the stipulated child support order in May 2022. It is a well-established principle of California law that an agreement by the parties, such as the MSA, cannot limit the family court's authority to modify child support.

Husband's challenges that are not based directly or indirectly on a lack of jurisdiction are limited to the October 2023 order (and, pursuant to Code Civ. Proc., § 906, the nonappealable intermediate orders incorporated in the October 2023 order) because the notice of appeal refers only to October 2023 order. Based on the record before us and our conclusion that the family court retained jurisdiction over the case, we conclude the superior court judge did not commit a prejudicial error by (1) concluding the

May 2022 stipulated child support order was not void and (2) finding there was no change in circumstances justifying a modification of child support.

We therefore affirm the October 2023 order denying Husband's motion to modify the child support order.

## FACTS AND PROCEEDINGS

Husband and Alisha Reeves (Wife) were married in May 2010 and separated in November 2016. They have three minor children. Sometime after their separation, Husband moved to Oklahoma and remarried. He and his new wife started a business using the trademark "The Okie Brand." The business is conducted by an entity named WSR Ventures, LLC.

In August 2018, Superior Court Judge Jack M. Jacobson signed and filed a judgment in this marital dissolution proceeding that included a 21-page MSA signed by the parties and their attorneys. The MSA resolved the issues pending in the dissolution proceedings, including child support, child custody, spousal support, and division of property.

The MSA stated child support would remain at $1,292 per month, which was a "compromised amount" based on the parties' "approximate gross monthly earnings" and child custody timeshare. The MSA included the parties' acknowledgement that they were "fully informed of their rights concerning child support." The MSA stated they agreed to the child support provision without duress or coercion; the agreement was in the children's best interest; the children's needs would be adequately met by the agreed amount of child support; and neither party had assigned the right to child "support to the county and no public assistance application [wa]s pending."

Paragraph 20 of the MSA stated in full: "This agreement may be amended or modified only by a written agreement signed by both parties except as otherwise provided in this agreement." It did not provide otherwise; rather, paragraph 43 of the MSA reiterated: "The parties may not alter, amend, or modify this [MSA] except by an

3.

instrument in writing executed by both Husband and Wife." The MSA also stated that, "except as otherwise provided herein, [it] shall be binding on, and shall inure to the benefit of and be binding on Husband and Wife and … successors in interest of the parties." The MSA "shall be governed by and interpreted and enforced under the law of the State of California as that law may from time to time be amended from time to time." Under California law, parents may not, by agreement, abridge the right of a minor child to proper support. (See pt. III.C., *post*.)

*June 2021 Request to Modify Child Support Order*

In June 2021, Wife filed a request for order modifying Husband's child support obligation and awarding her attorney's fees. Her supporting declaration asserted Husband moved to Oklahoma in 2016, did not visit the children, and had increased his income. Wife specifically asserted Husband established apparel and real estate ventures with his new spouse by which he grossed between $20,000 and $30,000 per month. Wife also stated her monthly income was $900, and she primarily remained home with the children due to the cost of daycare. Wife requested Husband pay his share of the children's medical bills and other expenses and provide his address. The day after Wife filed her request, the Stanislaus County Department of Child Support Services

(Department) served the court and the parties with a notice that it would enforce child support in this matter.[4]

On August 12, 2021, an attorney representing the Department and Husband and Wife (without their attorneys) appeared before Commissioner Kenneth J. Hara. The order after hearing (form FL-687) stated the parties agreed to continue the hearing on Wife's modification request to October 19, 2021.[5] The appellate record does not include a reporter's transcript of the August 2021 hearing and does not show what happened at the continued hearing.

In December 2021, Husband filed an ex parte application to disqualify Wife's attorney, Curtis Colaw, based on a conflict of interest arising out of Husband's earlier communications with Colaw. On December 16, 2021, with counsel for all parties appearing, Commissioner Hara denied Husband's request to disqualify Colaw from representing Wife. Later that month, Husband filed a motion for reconsideration before a superior court judge. It is unclear whether the court ruled on this motion or if the issue was resolved as part of the May 2022 stipulation discussed below.

---

[4]    Title IV-D of the Social Security Act requires states to provide enumerated child support services to receive federal funding for their public assistance and child support programs. (42 U.S.C. §§ 601, 602, 654.) The California Department of Child Support Services is the single organizational unit designated to administer all services and perform all functions necessary to establish, collect, and distribute child support. (Fam. Code, §§ 17200, 17202.) However, the duty to establish paternity and establish, modify, and enforce support orders at public expense is assigned to a local child support agency in each county. (Fam. Code, §§ 17304, 17400, subd. (a), 17404, subd. (a).) As such, local child support agencies (like the Department here) are mandated to take "appropriate action" to establish parentage and establish, modify, and enforce child support if the child is receiving public assistance, or upon request for all other children. (Fam. Code, § 17400, subd. (a).)

Subsequent undesignated statutory references are to the Family Code.

[5]    Husband contends Commissioner Hara's "failure to obtain a stipulation from the outset voids not only the August 12, 2021 'onset order,' but all subsequent orders issued in [this case]" and the lack of a stipulation renders these orders constitutionally void and uncorrectable.

5.

In January 2022, Husband's attorney filed a trial brief arguing his income was far lower, and Wife's income higher, than she had asserted. At the February 2022 hearing, the parties appeared before Commissioner Hara primarily to set trial dates.[6] The order after hearing (form FL-687) stated: "The parties are given the Family Code 4251 Advisement and no objections are made. No parties and no counsel have any objections to the Commissioner hearing this matter, and the trial as a whole, as a judge. Trial decision will be a final order." Commissioner Hara set the matter for a long cause trial over six days in May 2022. The parties agreed to personally appear in court for the trial dates. Husband and his counsel admitted "that the rental properties and the rental income" from his jointly owned out-of-state properties could be considered in calculating child support as his income.

*May 2022 Stipulation*

A "STIPULATION AND ORDER" (form FL-625) filed on May 19, 2022 (May 2022 Stipulated Order), stated Wife, her attorney, Husband's attorney, and an attorney representing the Department were present in court that day and Husband appeared via Zoom. It also stated the parties agreed to settle "all issues currently set for long-cause trial" and stipulated, in relevant part, that (1) Husband would pay $7,000 per month in child support effective June 1, 2022, (2) the amount of ongoing child support is a "compromise," and (3) "that the findings as to income in the attached Guideline

---

[6] The Department introduced records of these proceedings through a motion to augment the record. Husband opposed the Department's motion to augment. Because these documents were filed or lodged with the family court in the case, we exercise our discretion to grant the Department's motion to augment the record. (Cal. Rules of Court, rule 8.155(a)(1)(A) [the reviewing court may order the record augmented to include "[a]ny document filed or lodged in the case in superior court"].) The family court is a division of the Stanislaus County Superior Court.

Subsequent references to a numbered "Rule" are to the California Rules of Court.

Calculations represent what each party believes they could prove at trial."[7]  Wife and the attorneys for Wife, Husband, and the Department manually signed the May 2022 Stipulated Order; Husband's name was hand printed on the form followed by the note "Authorized via Zoom" on the line for "SIGNATURE OF RESPONDENT." Commissioner Hara manually signed and dated the order section of the stipulation and order.

*October 2022 Motion to Set Aside*

In October 2022, Husband's new attorney filed a motion to set aside the May 2022 Stipulated Order for mistake, inadvertence, surprise, or excusable neglect.  (See Code Civ. Proc., § 473, subd. (b).)  The motion requested a recalculation of "child support and child support arrears based on the true income of the parties."  The motion asserted Husband and his previous attorney had a breakdown in communication before May 19, 2022; Husband had expressed his desire to relieve that attorney as his counsel; and the attorney had acknowledged that fact in an e-mail to the court.  Nonetheless, the attorney continued to represent Husband.  Husband's motion contends the attorney made several mistakes during the proceedings and pushed for the damaging outcome.  One such mistake was the failure to use his actual income ($3,959 per month) in the guideline calculations of child support generated by the Department.

Husband's exhibits included a May 18, 2022 e-mail from him to all counsel requesting a continuance so he could obtain new counsel.  Husband asserted his former attorney told him on May 16 it was unnecessary for him to travel to California for the hearing because settlement was likely.  Husband claimed, however, "NO opportunity was EVER presented for settlement" (boldface omitted) and he therefore planned to appear

---

[7]    "Guideline" refers to the mandatory, statewide guideline formula used to calculate child support, which is based on each parent's income and timeshare with the children. (See § 4055.)

7.

remotely. Husband also attached his prior attorney's response to his e-mail, stating all counsel agreed to continue the hearing.

Husband's declaration described his inability to participate in the May 19, 2022 proceedings by asserting he could not appear via Zoom because of technical difficulties; he did not read any part of the May 2022 Stipulated Order; it was dictated to him over the phone by Wife's counsel; and he was not given an opportunity to read and go through every aspect of the stipulation.

The Department filed a responsive declaration opposing Husband's motion. The Department's counsel declared she "read, in full, every line of the stipulated order on the record" to Husband, and he "orally agreed to the entry of the stipulated order to avoid" going to trial regarding "his extensive assets and income." Department further argued that Husband's regret for assenting to the stipulation was inadequate to set it aside.

In December 2022, the parties appeared before Commissioner Hara for a hearing on the motion to set aside the May 2022 Stipulated Order. The order after hearing (form FL-687) stated Commissioner Hara gave the section 4251 advisement, no objections were made, and "[a]ll parties agree that Commissioner Hara may hear this matter as a Judge." The court denied Husband's motion, finding there was no legal basis to set aside the May 2022 Stipulated Order. The court further determined the motion "was filed without basis" and ordered Husband to pay Wife's attorney's fees. Husband did not appeal the December 2022 order, which limits the challenges he may raise to that order in this appeal.

_April 2023 Request to Modify Child Support Order_

In April 2023, Husband, represented by a third attorney, requested an order modifying the child support order on the grounds that he was not present at the May 19, 2022 hearing. He asserted that, despite his request for a continuance, the hearing was held in his absence, and child support was calculated using his incorrect income. The Department submitted essentially the same opposition it submitted against Husband's

October 2022 motion to set aside the support order. The Department argued Husband unsuccessfully raised the same arguments in his earlier motion and Husband had shown no change in circumstances justifying a modification of support.

On July 6, 2023, Wife and the parties' three attorneys were personally present for the hearing before Commissioner Hara on Husband's modification request. Husband appeared via Zoom. In addition, Jay V. Shore was personally present in court. Shore stated he was a certified ADA[8] advocate and asserted Husband "does not have ADA access this morning."

After everyone's appearance was entered, Commissioner Hara stated a court reporter was present and Zoom was being used. He then asked Shore: "What in particular does your client not have?"[9] Shore replied, "That should be a private concern. Per the ADA, and I would ask that you not say that again in open proceedings." Commissioner Hara stated: "Okay. Very well." Next, he announced his recommended orders were to (1) deny the request to modify child support because there was no material change of circumstances, (2) grant Husband's attorney's motion to be relieved as counsel, and (3) to deny attorney fees to Wife's counsel for that day's hearing.

After the announcement, Husband personally objected, stating he had not been provided accommodation for his disability and he wanted a continuance. Commissioner Hara denied the request for continuance, stating "this is a recommended order pursuant to Family Code section 4251." Husband proceeded to assert this objection and question why the court arrived at its recommended order.

---

[8] Americans With Disabilities Act. (42 U.S.C. § 12101 *et seq.*; see 28 C.F.R. § 35.)

[9] The court's inquiry was similar to question 4 on optional Judicial Council from MC-410, "Disability Accommodation Request," which asks: "What accommodation do you need at the court?"

A recommended order (form FL-692) was filed that afternoon. It stated Husband had objected to the commissioner hearing the matter and, due to that objection, a recommended order was made.

*September 2023 Motion*

In September 2023, Husband, representing himself, filed a motion to strike notice of delinquency filed by Wife on form FL-485. He argued the May 2022 Stipulated Order should be set aside on several grounds. Husband asserted he was not given any ADA accommodations despite Wife's attorney, the Department, and the family court all being aware that he is an individual with a disability that requires ADA accommodations. Husband argued the May 2022 Stipulated Order was void because it was an impermissible collateral attack on the MSA; the matter should have been heard in "divorce court" and not child support "administrative courts"; he did not recall stipulating to a commissioner; and Wife's attorney misrepresented the commissioner status by stating the modification would be heard by "Judge Hara."

On October 3, 2023, Superior Court Judge Alan K. Cassidy heard both Husband's April 2023 request for order and his September 2023 motion.[10] The court's order after hearing described the September 2023 motion as "a request to vacate the [May 2022 Stipulated O]rder" and found the issue of vacating that order was barred by res judicata. The court denied the request, stating the issue of vacating the stipulated order was res judicata and was previously denied. Addressing Commissioner Hara's July 6, 2023 recommended order, the court confirmed the recommendation and denied the request to modify child support because there was no showing of a material change of circumstances to warrant a modification. The court also stated Husband's counsel's motion to be relieved was granted and remained granted. (See § 4251, subd. (c).)

---

**10** The appellate record does not contain a reporter's transcript or other record of these oral proceedings. (See Rule 8.120(b) [list of valid forms of the record for oral proceedings].)

*The Appeal*

On October 24, 2023, Husband filed a notice of appeal stating he was appealing the order entered on October 3, 2023.

On June 20, 2024, this court received a document from Husband labeled "Affidavit and Constitutional Challenge to Jurisdiction of California Case No. 800532" (boldface omitted). The affidavit asserted that on August 12, 2021, Commissioner Hara administered a nonjudicial proceeding without jurisdiction over Husband's property rights, without a trial by jury, without a stipulation required by section 21 of article VI of the California Constitution, and without Husband's attorney present. The affidavit argued that all subsequent actions were a nullity and void for lack of jurisdiction.

On December 5, 2024, this court filed Husband's motion to rule on his constitutional challenge to jurisdiction. The motion noted his affidavit had not been contested and requested an immediate ruling on his jurisdictional challenge. A week later, this court issued an order deferring a ruling on the jurisdictional challenge and motions relating to the augmentation of the record until the merits of the appeal were considered.

## DISCUSSION

### I. THE FAMILY COURT'S JURISDICTION

Defects in a court's fundamental jurisdiction may be raised at any point in the proceedings, including for the first time on appeal because parties cannot confer such jurisdiction on the court by waiver, forfeiture, estoppel, or consent. (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807.) Accordingly, we first consider Husband's arguments about the lack of jurisdiction.

#### A. Stipulation to a Commissioner

Section 21 of article VI of the California Constitution, which provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final

11.

determination of the cause." This provision authorizing temporary judges "does not require a written stipulation." (*In re Estate of Kent* (1936) 6 Cal.2d 154, 163, italics omitted.)

The use of a commissioner as a temporary judge in family law matters is addressed by statute. Code of Civil Procedure section 259, subdivision (f) provides that every court commissioner shall have the power to hear actions "to establish or enforce child and spousal support pursuant to subdivision (a) of Section 4251 of the Family Code." In accordance with that subdivision, child support matters involving the Department "are heard by commissioners. (§ 4251, subd. (a).)" (*County of Sacramento v. Llanes* (2008) 168 Cal.App.4th 1165, 1172.) "The commissioner *shall act* as a temporary judge unless an objection is made by the local child support agency or any other party." (§ 4251, subd. (b), italics added.) A timely objection is significant because its absence may be treated as "an implied waiver of the required stipulation that the matter be heard by the commissioner sitting as a temporary judge." (*In re Brittany K.* (2002) 96 Cal.App.4th 805, 813.) If a party objects to the commissioner acting as a temporary judge, the commissioner hears the matter, makes findings of fact, and issues a recommended order. (§ 4251, subd. (c).) If a party objects to the recommended order within 10 days, a superior court judge shall schedule a hearing de novo. (§ 4251, subd. (c).)

Here, Husband's affidavit and motion filed with this court cite the constitutional provision and assert (1) there was no valid stipulation at the August 12, 2021, hearing conducted by Commissioner Hara; (2) the absence of a stipulation meant the commissioner lacked jurisdiction; and (3) this lack of jurisdiction "voids not only the August 12, 2021 'onset order' but all subsequent orders issue in [this case]." Under this argument, the May 2022 Stipulated Order increasing child support to $7,000 per month would be void due to the lack of jurisdiction.

12.

Similarly, Husband's opening brief asserts the "central issue in this appeal is Commissioner Hara's lack of authority to act as a temporary judge from the onset of the case[.]" Husband contends he was not properly advised of his statutory right to object to a commissioner acting as a temporary judge and deciding various matters in this case. As a result, he argues essentially all orders by Commissioner Hara should be set aside.

### 1. *Possible Loss of Family Court Jurisdiction*

Initially, we consider the last part of the Husband's argument, which contends the failure to obtain a stipulation at the beginning of the commissioner's involvement in the case results in an uncorrectable loss of jurisdiction by the family court. This argument presents a legal question subject to our independent review. Husband relies on the constitutional provision quoted earlier and the following statement in *In re Marriage of Djulus* (2017) 10 Cal.App.5th 1042 (*Djulus*):

> "In the future and to avoid a repeat of this case, we strongly encourage judicial officers seeking to act as temporary judges to inform the parties and/or their counsel *at the outset of the cause* of their status as commissioners and obtain either a written stipulation, using a form similar to the D-204 form at issue here, or an oral stipulation on the record to their acting in that capacity." (*Id.* at p. 1051, italics added.)

In addition, the argument is based on the following statement from *Ex parte McCardle* (1868) 74 U.S. 506:

> "Without jurisdiction *the court* cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." (*Id.* at p. 514, italics added.)

We have italicized *McCardle*'s reference to the *court's* lack of the jurisdiction because the court's jurisdiction is distinguishable from the jurisdiction *of a particular judicial officer*, such as a commissioner. The fact that one judicial officer lacks the jurisdiction to hear a matter does not mean the entire family court loses jurisdiction over the case. We have located, and Husband has cited, no case reaching such a broad

13.

conclusion regarding the loss of jurisdiction. Further, such a loss of jurisdiction cannot be inferred from the text of the California Constitution, Code of Civil Procedure section 259, or Family Code section 4251. Therefore, we conclude the family court's jurisdiction over a family law matter involving child support continues to exist even when a particular commissioner lacks jurisdiction to hear the case.

This conclusion is consistent with the outcome in *Reisman v. Shahverdian* (1984) 153 Cal.App.3d 1074, where the appellate court concluded (1) the defendant's stipulation was required to empower the commissioner to hear the motion in question, (2) no such stipulation was obtained, (3) the commissioner's order denying the motion was void, and (4) the proper way to correct this error was to reverse the order and remand the case to the lower court so the motion could be "heard before a duly empowered judicial officer." (*Id.* at p. 1097.) If the failure to stipulate to the commissioner had terminated the lower court's jurisdiction, the appellate court would not have remanded the case for a new hearing on the motion. *Reisman* illustrates that the jurisdiction of the superior court is distinguishable from the jurisdiction of a particular judicial officer.

To the extent that Husband suggests the statements by the Fourth District in *Djulus* changed the law by creating a rule that the failure to obtain a stipulation from the parties at the outset of the proceeding rendered all subsequent orders void, we reject that suggestion. The encouragement or advice from an appellate court does not establish a binding rule of law or rewrite the applicable constitutional provision, statutes and case law. As we interpret *Djulus*, it does not imply the failure to obtain an express stipulation would thereafter deprive superior court judges of jurisdiction to hear the case and, furthermore, does not imply a later stipulation to a commissioner acting as a temporary judge would be invalid.

In summary, we conclude a family court's jurisdiction in a dissolution proceeding is not terminated if a commissioner who lacks jurisdiction conducts a hearing in that proceeding. The resulting order or judgment of the commissioner might be void for lack

14.

of jurisdiction, but the family court's jurisdiction over the case is not terminated. (See *Reisman v. Shahverdian*, *supra*, 153 Cal.App.3d at p. 1097.)

### 2. Absence of Jurisdiction at the August 2021 Hearing

Next, we consider whether Husband has established the first element of his jurisdictional argument—that is, its factual foundation. Husband's view of the facts asserts there was no valid stipulation at the August 12, 2021, hearing conducted by Commissioner Hara.

We cannot confirm the truth or falsity of this assertion because the appellate record does not contain a reporter's transcript or other record of these oral proceedings conducted on August 12, 2021. (See Rule 8.120(b) [list of valid forms of the record for oral proceedings].) Thus, it is possible the commissioner informed the parties of his status as a commissioner and obtained an oral stipulation on the record to his acting as a temporary judge and implementing their agreement to a continuance.

When faced with the uncertainty created by an incomplete record, the long-established principles of appellate procedure tell us how to proceed. Husband, as the appellant, has the burden of demonstrating his version of what occurred at the hearing is true. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566 [appellant has burden of affirmatively showing a prejudicial error occurred].) Without a reporter's transcript or proper substitute, Husband cannot meet his burden because the applicable principles of appellate procedure require us to presume the family court acted properly. (See *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 ["in the absence of a required reporter's transcript and other documents, we presume the judgment is correct"].) This principle was applied by the California Supreme Court when it stated that "the failure of the record herein to show that certain heirs or litigants stipulated in writing or orally to the selection of the judge pro tempore, *in the absence of any showing in the record that they did not stipulate*, is ineffective to refute the presumption of the regularity of the proceedings." (*In re Estate of Kent*, *supra*, 6 Cal.2d at p. 163, italics.)

15.

Consequently, Husband's argument about the absence of jurisdiction at the August 12, 2021 hearing fails because he has not affirmatively demonstrated there was no oral stipulation.

### 3.    *Jurisdiction for Subsequent Orders*

Next, we explain why Husband has not affirmatively demonstrated the May 2022 Stipulated Order signed by Commissioner Hara and the December 2022 order of Commissioner Hara denying Husband's motion to set aside the stipulated order are void for lack of jurisdiction.

First, the appellate record does not contain a reporter's transcript or other record of the oral proceedings in May 2022 when the parties presented their stipulation to Commissioner Hara. (See Rule 8.120(b).) Thus, Husband cannot show the parties did not expressly or impliedly consent to Commissioner Hara acting as a temporary judge that day. The California Supreme Court ratified "a line of cases recognizing that a valid stipulation for purposes of the constitutional provision may arise as a result of the *conduct* of the parties." (*In re Horton* (1991) 54 Cal.3d 82, 91.) The conduct of failing to object to a commissioner acting as a temporary judge can be deemed implicit consent to the matter being heard by the commissioner. (See *In re Brittany K., supra,* 96 Cal.App.4th at p. 813; see also, *Perezt v. United States* (1991) 501 U.S. 923, 936 [failure to object to the absence of an Article III judge in the jury selection process may be considered consent].) Here, we conclude the parties' act of presenting a stipulation to the commissioner was conduct that impliedly consented to the commissioner acting as a temporary judge and entering the May 2022 Stipulated Order.

Second, the order after hearing filed December 15, 2022, states Commissioner Hara gave the section 4251 advisement, no objections were made, and all parties agreed to him hearing the matter as a judge. This part of the order is not contradicted by other documents in the appellate record. Therefore, we conclude the order is accurate and the

16.

parties' agreement empowered Commissioner Hara to hear and decide Husband's October 2022 motion to set aside the May 2022 Stipulated Order.

In comparison, the recommended order filed after the July 6, 2023 hearing states a recommended order was issued due to the objection of Husband. By conducting the hearing and issuing a recommended order, Commissioner Hara proceeded in accordance with section 4251, subdivision (c). Stated another way, the commissioner had the authority to issue a recommended order and, by doing so, did not violate the statute or the rights of any party.

Lastly, we consider whether Judge Cassidy had jurisdiction to issue the October 2023 order that decided Husband's April 2023 request for order modifying child support and his September 2023 motion to strike, which the court characterized as a motion to vacate the May 2022 Stipulated Order. In *Djulus*, *supra*, 10 Cal.App.5th 1042, the court stated that "absent a proper stipulation the judgment or order entered by a court commissioner is *void*." (*Id.* at p. 1049.) This principle does not apply to the October 2023 order because it was entered by a superior court judge, not a commissioner. A judge does not need a stipulation to have the jurisdiction to enter an order. As explained earlier, the family court had jurisdiction over the case when the request and the motion were made and heard. The family court's jurisdiction provided the judge with the authority to issue the October 2023 order deciding the request and the motion.

### B. Personal Jurisdiction

Husband contends a second type of jurisdiction was missing. He asserts "the record shows no proof of summons and complaint served on [him] prior to the *onset* of" Wife's June 2021 request for order modifying child support. As a result, he contends "all orders are void for lack of personal jurisdiction" and void orders are subject to collateral attack. As explained below, we conclude the family court had personal jurisdiction over Husband.

17.

Generally, proper service of process is a fundamental requirement for a court to exercise personal jurisdiction over a defendant. (*Sternbeck v. Buck* (1957) 148 Cal.App.2d 829, 832.) A judgment entered without personal jurisdiction over the defendant is therefore void. (*Ibid.*; see *California Capital Insurance Company v. Hoehn* (2024) 17 Cal.5th 207, 214.) When a court lacks jurisdiction in this fundamental sense, the void order or judgment is vulnerable to direct or collateral attack at any time. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119.)

A court obtains personal jurisdiction over a party who makes a general appearance in the court and thereby forfeits any objections to defective service of process. (Code Civ. Proc., § 410.50, subd. (a); *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8 ["[b]y generally appearing, a defendant relinquishes all objections based on lack of personal jurisdiction or defective process or service of process"]; see *Insurance Corp. v. Compagnie des Bauxites* (1982) 456 U.S. 694, 703–704 [a party may, intentionally or unintentionally, waive an objection to the lack of personal jurisdiction by contract, appearance in court or failure to raise the defense in an answer or responsive pleading].)

Usually, to preserve objections to personal jurisdiction, a defendant must make "a special appearance, i.e., an appearance for the sole purpose of objecting to the court's jurisdiction." (*In re Marriage of Obrecht, supra,* 245 Cal.App.4th at p. 8.) In most cases, a party who contests an issue or requests relief beyond that related to a lack of personal jurisdiction presumes the court has jurisdiction, forfeiting all objections to defects in service, process, or personal jurisdiction. (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52 [filing attorney's fees request constituted a general appearance, forfeiting appellant's jurisdictional challenges]; *City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 679–680 [request for continuance constituted a general appearance]; accord, *Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750, 1756–1757 [defendants' active participation in preparation of joint case management statement and in an evaluation conference constituted general appearance]; *Estate of Pailhe* (1952) 114

Cal.App.2d 658, 661 [attorney's appearance and participation in a hearing on the merits constituted a party's general appearance; "[t]he attorney's act in appearing for [party] carried with it a presumption of due authority upon his part to do so"].)

Here, the appellate record does not show Husband or his counsel ever made a special appearance or used another procedure to prevent the family court from obtaining personal jurisdiction over him. Rather, the record contains many examples of Husband, his attorney, or both, appearing before the court in this case. For instance, the order filed after the August 12, 2021 hearing shows Husband appeared before the court via Zoom without his attorney and agreed to continue the hearing on Wife's modification request to October 2021. The order does not state Husband objected to the court's jurisdiction or made a special appearance. The order directed Husband to file and serve his responsive declaration and his income and expense declaration no later than September 1, 2021. The register of actions shows Husband filed an income and expense declaration and proofs of service on that date. By appearing at the August 2021 hearing and by filing the declaration, Husband made a general appearance in the family court before Wife's modification request was resolved. As a result, he submitted to the court's jurisdiction over him and forfeited any objection based on a lack of personal jurisdiction. Accordingly, the court had personal jurisdiction over Husband when the May 2022 Stipulated Order was filed, when his motion to set aside the stipulated order was denied in December 2022, and when his request and his motion were denied in October 2023.

II.     SCOPE OF APPELLATE JURISDICTION

Husband's appellate briefs and motions assert defects in family court orders made *before* the October 2023 order denying his request to modify the child support order and his motion to strike the notice of delinquency. Such orders include both the May 2022 Stipulated Order and the December 2022 denial of his motion to set aside the stipulated order. Due to the breadth of Husband's arguments, the scope of our appellate jurisdiction in this appeal is the next topic addressed.

19.

A.      Orders Covered by the Notice of Appeal

"Our jurisdiction is 'limited in scope to the notice of appeal and the judgment appealed from.' " (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846.)  "Generally, we must liberally construe a notice of appeal in favor of its sufficiency.  [Citation.]  A notice of appeal shall be ' "liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75–76.)  "But there are limits to our ability to liberally construe a notice of appeal.  'The policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all.'  [Citations.]  '[I]t is well "beyond liberal construction" to view an appeal from one order as an appeal from a "further and different order."  [Citation.] "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed." [Citation.]  "The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only … one of two separate appealable judgments or orders." '  [Citation.]  Therefore, when a notice of appeal manifests ' "clear and unmistakable" ' intent to appeal only from one order, we cannot liberally construe the notice to apply to a different, omitted order." (*Id.* at p. 76.)

Husband's notice of appeal states he appealed from a "Judgment after court trial" that "was entered on (*date*): 10/3/23."  The first attachment to his notice of appeal states in full:

> "On 10/3/2023 Judge Alan K. Cassidy held a court proceeding to hear [Husband's] Objection to Commissioner Hara.  [Husband] is a person with a communication disability under ADA rights and Judge Cassidy continued the court proceeding without providing ADA accommodations to [Husband].  No one was sworn in and a decision was made without facts and evidence.  Please see attached affidavit from ADA advocate Jay Shore."

20.

Applying the rules of law governing notices of appeal, we cannot construe Husband's notice of appeal as adequately identifying any of the pre-2023 orders because the notice identifies only the October 3, 2023 order. As a result, the notice of appeal and the authority it confers upon this court is limited to Husband's challenges to the October 3, 2023 order and the nonappealable intermediate orders described below.

B.      Intermediate Orders

Generally, an appellate court may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party …" (Code Civ. Proc., § 906; see also *Abramson v. Juniper Networks, Inc*. (2004) 115 Cal.App.4th 638, 648–649.) Therefore, the inquiry into the scope of our appellate jurisdiction includes an examination of what nonappealable, intermediate orders might be regarded as part of (i.e., incorporated in) the appealable October 2023 order. For instance, Husband appears to challenge the 2021 orders continuing Wife's motion to modify child support.[11]

Unlike an appealable order, an appellant need not specify intermediate orders in the notice of appeal. (*LaCour v. Marshalls of California LLC* (2023) 94 Cal.App.5th 1172, 1184; see also *County of Los Angeles v. City of Los Angeles* (1999) 76 Cal.App.4th 1025, 1028) [appellate court is "obligated" and "required" to conduct this review under Code Civ. Proc., § 906].) But review under Code of Civil Procedure section 906 is inapplicable to intermediary conduct by the family court that is "substantively and/or procedurally collateral to, and not directly related to, the judgment or order being appealed." (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 948; see *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060 ["[T]he discovery order here, though

---

[11]     "A [superior court's] ruling on a motion for a continuance is not an appealable order." (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) As a result, the denial of a requested continuance "is reviewable on appeal from the judgment." (*Ibid*.)

21.

made in the same order as the issuance of an injunction, is unrelated to the merits of the injunction and does not necessarily affect it," hence not subject to review].)

Here, the nonappealable orders referenced in Husband's opening brief relate to (1) Wife's motion to modify child support that resulted in the May 2022 Stipulated Order and (2) Husband's subsequent motion to set aside the May 2022 Stipulated Order.

First, the May 2022 Stipulated Order was itself appealable because it modified Husband's child support obligation and an order modifying child support is appealable as an order after final judgment. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 554; *County of Los Angeles v. Patrick* (1992) 11 Cal.App.4th 1246, 1250.) Second, the December 2022 order denying Husband's motion to set aside the modification of child support contained in the May 2022 Stipulated Order was appealable because orders denying a motion to set aside brought under Code of Civil Procedure section 473 after a final judgment are appealable orders. (Code Civ. Proc., § 904.1, subd. (a)(2); *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265–1266.) Third, the December 2021 order denying Husband's ex parte request to disqualify Wife's counsel also is an appealable order. (*Derivi Construction & Architecture, Inc. v. Wong* (2004) 118 Cal.App.4th 1268, 1272 ["order denying a motion to disqualify opposing counsel is an appealable order"].)

As a result, the foregoing orders are not intermediate orders that Code of Civil Procedure section 906 treats as included in the appeal from the October 2023 order. Furthermore, the orders relating to Wife's motion to modify child support and Husband's motion to set aside the May 2022 Stipulated Order could have been challenged in an appeal from the order resolving those motions. Consequently, those orders do not involve the merits or necessarily affect the October 2023 order and, as a result, those orders are not included in this appeal by operation of Code of Civil Procedure section 906.

22.

III.    CLAIMS OF FAMILY COURT ERROR

A.    The Department's Intervention

Husband claims the Department improperly intervened in this case.  The Department provided child support services in this mater pursuant to section 17400 *et seq*.  In doing so, the Department has appeared as an independent party in this matter. (§ 17406, subd. (a) [department represents the public interest in matters where it is providing services].)  The Department is authorized to intervene in pending child support litigation matters it did not originally file, which it apparently did here by filing notice regarding payment of support through the regional office responsible for enforcement in this case.  (§ 17400, subd. (k); Code Civ. Proc., § 387, subd. (b); Rule 5.360 ["[w]hen a local child support agency is providing services as required by Family Code section 17400, that agency may appear in any action or proceeding that it did not initiate by giving written notice to all parties, on *Notice Regarding Payment of Support* (form FL-632), that it is providing services in that action or proceeding …."].)

In accordance with these provisions, the Department was not required to file a motion or obtained a stipulation for joinder under Rule 5.24.  Rule 5.24(c) defines all persons who may seek joinder.  Nothing in those definitions applies to an entity like the Department.  Rather, Rule 5.360 specifically authorizes the Department to appear in an action.  The terms of Rule 5.360 do not state such an appearance is subject to Rule 5.24.  Therefore, we conclude the Department properly intervened in this action.  As a result, an improper intervention did not impact the October 2023 order and require its reversal.

B.    Accommodation Requests

The papers Husband filed with this court contended the trial court erred when it denied him ADA accommodations.  At oral argument, Husband dropped this claim of error and focused his arguments on the lack of jurisdiction and the lack of a stipulation. Because Husband has waived the accommodation issues, we need not include an explanation in this opinion of how he failed to demonstrate he complied with the content

23.

and timing requirements for accommodation requests set forth in Rule 1.100. (Cf. *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1273–1274 ["Christine followed the procedures for seeking an ADA accommodation"].) A failure to comply with those requirements justifies a denial of the request.

### C.   Requests to Modify Support

Husband argues Wife's request to modify the terms of the MSA (1) violated the terms of the agreement, (2) is properly characterized as an action to relitigate the term and provisions of the MSA, and (3) is barred by res judicata and the finality of the MSA. Among other things, Husband contends Wife's modification request violated the MSA because the MSA states it can only be modified in a writing signed by them both. He asserts the violations of the MSA rendered the modification in the May 2022 Stipulated Order void.

This argument lacks merit because "it has long been the law of this state that parents cannot abridge the right of their minor child to proper support by any agreement." (*Elkind v. Byck* (1968) 68 Cal.2d 453, 457; *In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 727 [all child support orders, including those based upon private agreement, are modifiable]; *County of Shasta v. Caruthers* (1995) 31 Cal.App.4th 1838, 1847 [parents cannot contract away a child's right to support, which is of a constitutional dimension entitled to protection under the equal protection clause].) This rule has been codified. "[A] support order may be modified or terminated at any time as the court determined to be necessary," even if "the support order is based upon an agreement by the parties." (§ 3651, subds. (a), (e).)[12] Accordingly, the purpose of the modification

---

[12]    Similarly, Husband's breach of contract arguments lack merit because, when a child support agreement is incorporated in a child support order, the obligation created is deemed court-imposed rather than contractual, and the order is subsequently modifiable despite the agreement's language to the contrary. (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 386.)

24.

provision in the MSA was to foreclose either party from asserting there was an *oral* modification of the agreement.

Next, we consider whether the family court had a proper basis for denying Husband's April 2023 request to modify the May 2022 Stipulated Order and his September 2023 motion to strike the notice of delinquency, which also challenged the May 2022 Stipulated Order. As explained below, the October 2023 order properly denied the request and the motion.

A parent seeking to modify a child support order bears the burden of demonstrating there has been a change in circumstances since the last order was issued. (*In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1303.) Here, Husband's request to modify the child support order provided no evidence or argument that circumstances changed. Rather, Husband argued that he requested a continuance of the May 2022 hearing but that the hearing proceeded without him.

Like the family court, we conclude any attack on the May 2022 Stipulated Order was barred by res judicata. Generally, " ' "[r]es judicata" describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' " (*Mycogen Corp. v. Monsanto Co*. (2002) 28 Cal.4th 888, 896.) However, "[i]f an order is appealable … and no timely appeal is taken therefrom, the issues determined by the order are res judicata" in the same case, even if not raised in a second

---

In addition, Husband's contention that the requirements of Code of Civil Procedure section 664.6 were not met and, as a result, the May 2022 Stipulated Order is unenforceable misses the mark because an order addressing child support, stipulated or otherwise, qualifies as a judgment. Code of Civil Procedure section 664.6 establishes procedures for enforcing a settlement agreement that has not been reduced to a judgment. It no longer applies once the terms of a settlement are contained in a court order or judgment. (See generally, *Howeth v. Coffelt* (2017) 18 Cal.App.5th 126, 134 ["Section 664.6 generally allows a court to enter judgment pursuant to a settlement agreement"].)

25.

suit.  (*In re Matthew C.* (1993) 6 Cal.4th 386, 393, superseded by statute on other grounds as recognized in *People v. Mena* (2012) 54 Cal.4th 146, 156–157.)

Husband's April 2023 request to modify the child support order raised the same grounds for overturning the May 2022 Stipulation Order as his October 2022 motion: that he did not read or understand the stipulation, his lawyer did not explain it to him, and he was unfairly denied a continuance of the May 2022 hearing that precluded his participation.  Because the court denied Husband's October 2022 motion in December 2022, and Husband failed to appeal, the December 2022 order rejecting these arguments is a final adjudication that precludes Husband from raising them again.  Thus, the court's October 2023 order properly denied Husband's request to modify the child support order and motion to strike the notice of delinquency.

Husband's September 2023 motion to strike the notice of delinquency also attacked the sufficiency of the evidence supporting the May 2022 Stipulated Order. Because an order modifying child support is appealable as an order after final judgment (*In re Marriage of Leonard*, *supra*, 119 Cal.App.4th at p. 554; *County of Los Angeles v. Patrick*, *supra*, 11 Cal.App.4th at p. 1250), and Husband failed to directly appeal the May 2022 Stipulated Order or appeal the December 2022 denial of his request for relief from that order pursuant to Code of Civil Procedure section 473, subdivision (b), he cannot raise those challenges now.

## DISPOSITION

The October 3, 2023 order is affirmed.  The Department and Wife, as prevailing respondents, shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

The Department's "MOTION TO AUGMENT…," filed on November 25, 2024, is granted and the documents attached to the motion shall be deemed a part of the record on appeal.

26.

Husband's "MOTION TO STRIKE RESPONDENT'S MOTION TO AUGMENT …," filed on November 25, 2024; his "MOTION TO STRIKE THE MOTION TO AUGMENT RECORD AND RESPONSE BRIEF …," filed on December 6, 2024; and his "Motion to Rule on Constitutional Challenge …," filed on December 5, 2024, are denied.

FRANSON, J.

WE CONCUR:

DETJEN, Acting P. J.

DE SANTOS, J.